PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
(510) 832-5001

Attorneys for Plaintiff
SHARON LETCHER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON LETCHER | CASE NO. |
| Plaintiff, | Civil Rights |
| v. | **COMPLAINT FOR DENIAL OF DISABLED ACCESS TO DISABLED PERSONS IN VIOLATION OF TITLE II AND TITLE III OF THE AMERICANS WITH DISABILITIES ACT; VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973; VIOLATION OF CALIFORNIA GOVERNMENT CODE §4450 ET SEQ; VIOLATION OF CALIFORNIA CIVIL CODE §§51, 52, 54 AND 54.1; VIOLATION OF CALIFORNIA HEALTH AND SAFETY CODE §§ 19952, 19955, et seq. AND RELATED CODES AND REGULATIONS** |
| CITY AND COUNTY OF SAN FRANCISCO; BOARD OF TRUSTEES SAN FRANCISCO WAR MEMORIAL AND PERFORMING ARTS CENTER; SAN FRANCISCO PERFORMANCES, INC.; SAN FRANCISCO SYMPHONY; and DOES 1-25, Inclusive, | |
| Defendants. | |
| | / **DEMAND FOR JURY TRIAL** |

Plaintiff SHARON LETCHER complains that defendants
CITY AND COUNTY OF SAN FRANCISCO; BOARD OF TRUSTEES FOR THE SAN
FRANCISCO WAR MEMORIAL AND PERFORMING ARTS CENTER; SAN
FRANCISCO PERFORMANCES, INC.; SAN FRANCISCO SYMPHONY; and DOES
1-25, (hereinafter "defendants"), have denied her and continue
to deny her "full and equal access" to the public
accommodations, business establishment, and goods and services

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**    — 1 —

\\server\shared\jm\cases\davies hall\pleadings\davies hall.cmp.doc

1   offered to the general public, at the Davies Symphony Hall

2   located in San Francisco, California, because of her physical

3   disability, in violation of Titles II and III of the Americans

4   with Disabilities Act and California civil rights laws and

5   regulations, and hereby more particularly alleges as follows:

6       1.   Plaintiff SHARON LETCHER is a "person with a

7   disability" or "physically handicapped person," who requires

8   the use of a wheelchair for mobility and is unable to use

9   portions of public facilities that are not accessible to

10  disabled persons who require the use of a wheelchair.

11      2.   **INTRODUCTION:**  This case involves the denial of

12  accessible facilities and a failure to modify policies and

13  procedures to provide full and equal access to plaintiff SHARON

14  LETCHER at the Davies Symphony Hall in San Francisco,

15  California.  The property at issue in this action is owned and

16  operated and/or leased by the City and County of San Francisco

17  through its Trustees for the San Francisco War Memorial and

18  Performing Arts Center.  Defendants San Francisco Performances,

19  Inc. and the San Francisco Symphony are operators and lessors

20  of the property and offer concert performances to the general

21  public.

22      3.   This action is limited to Davies Hall and its related

23  public facilities including public entrances, paths of travel,

24  public restrooms, disabled seating in the theater, and

25  defendants' policies and practices in providing their programs,

26  goods, and services to disabled persons at Davies Hall.

27  Plaintiff SHARON LETCHER alleges that she was denied her civil

28  rights under both California law and federal law because of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**          — 2 —

\\server\shared\jm\cases\d davies hall\pleadings\davies hall.cmp.doc

1  defendants' discriminatory policy of refusing to provide proper

2  wheelchair accessible seating for patrons who purchase Senior

3  Package tickets for the San Francisco Symphony's performances.

4  Plaintiff SHARON LETCHER is deterred from returning to the

5  Davies Symphony Hall until such time as defendants'

6  discriminatory policies are modified, and the facilities are

7  made fully accessible.  Plaintiff seeks injunctive relief to

8  require defendants to modify their policies and procedures to

9  provide their goods and services and "programs, services, and

10 activities" to disabled persons such as plaintiff without

11 discrimination; and to make their facilities accessible to

12 disabled persons as required by law.  In the alternative,

13 plaintiff seeks to enjoin the subject facilities from operating

14 as a place of "public accommodation" or "business

15 establishment" so long as it discriminates against plaintiff

16 and other persons with disabilities.  Plaintiff also seeks

17 recovery of damages for her discriminatory experiences and for

18 the denial of access that resulted from defendants'

19 discriminatory policies and failure to provide accessible

20 facilities for the eight concert senior citizen tickets she

21 purchased for the 2003-2004 concert series.  Plaintiff SHARON

22 LETCHER also seeks recovery of statutory attorney fees,

23 litigation expenses and costs, under federal law and California

24 law.

25      4.   **JURISDICTION:**  This Court has jurisdiction of this

26 action pursuant to 28 USC §1331 for violations of the Americans

27 with Disabilities Act of 1990 ("ADA"). (42 USC §12101 et seq.)

28 Pursuant to supplemental jurisdiction, attendant and related

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                — 3 —

\\server\shared\jm\cases\d davies hall\pleadings\davies hall.cmp.doc

1    causes of action arising from the same facts are also brought

2    under California law, including but not limited to violations

3    of California Government Code §4450 et seq.; California Civil

4    Code §§ 51, 52, 54, 54.1 and 55; California Health & Safety

5    Code §§ 19952, 19955 et seq., including §19959; and California

6    Code of Regulations Title 24-2 (hereinafter "Title 24").

7        5.  **VENUE:**  Venue is proper in this court pursuant to 28

8    USC 1391(b) because the subject property is located in this

9    district and plaintiff's causes of action arose here.

10        6.  **INTRADISTRICT:**  This case should be assigned to the

11    San Francisco/Oakland intradistrict, where the subject property

12    is located and where plaintiff's causes of action arose.

13        7.  **PARTIES:** Plaintiff SHARON LETCHER is a "qualified"

14    physically disabled person due to multiple sclerosis who

15    requires use of a wheelchair for mobility.  The CITY AND COUNTY

16    OF SAN FRANCISCO; BOARD OF TRUSTEES FOR THE SAN FRANCISCO WAR

17    MEMORIAL AND PERFORMING ARTS CENTER; SAN FRANCISCO

18    PERFORMANCES, INC.; SAN FRANCISCO SYMPHONY; and DOES 1-25,

19    Inclusive, are the owners, operators, lessors, and lessees of

20    the property, building, facilities, and business establishment

21    known as "Davies Symphony Hall" located at Grove and Van Ness,

22    San Francisco, California.

23        8.  Defendants are subject to Titles II and III of the

24    Americans with Disabilities Act of 1990, to §504 of the

25    Rehabilitation Act of 1973, to the requirements of California

26    State law requiring full and equal access to publicly funded

27    facilities pursuant to Government Code §4450 et seq., Health

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**    — 4 —

\\server\shared\jm\cases\d davies hall\pleadings\davies hall.cmp.doc

1    and Safety Code §§19952, 19953, 19955 et seq., and elsewhere,

2    including Civil Code §§51, 52, 54, 54.1, and 54.2.

3         9.   Plaintiff is informed and believes and therefore

4    alleges that the specified public facilities owned and maintained

5    by defendants, The CITY AND COUNTY OF SAN FRANCISCO; BOARD OF

6    TRUSTEES FOR THE SAN FRANCISCO WAR MEMORIAL AND PERFORMING ARTS

7    CENTER; SAN FRANCISCO PERFORMANCES, INC.; SAN FRANCISCO SYMPHONY

8    and DOES 1 through 25, Inclusive, are buildings, structures or

9    related facilities within the meaning of California Government

10   Code §§4450, 4451 and Health & Saf. Code §§ 19952, 19953, 19955

11   and 19956-19959.  Plaintiff is further informed and believes and

12   thereon allege that the defendants, The CITY AND COUNTY OF SAN

13   FRANCISCO; BOARD OF TRUSTEES FOR THE SAN FRANCISCO WAR MEMORIAL

14   AND PERFORMING ARTS CENTER; SAN FRANCISCO PERFORMANCES, INC.; SAN

15   FRANCISCO SYMPHONY DOES 1 through 25, Inclusive, have

16   constructed, altered, or repaired parts of these public

17   buildings, structures and facilities since original construction

18   in 1980 and since they were first constructed within the meaning

19   of California Government Code §§4450, 4451 and 4456, Health &

20   Safety Code §§ 19956 and 19959, thereby requiring provision of

21   access to persons with disabilities; and since 1992 within the

22   meaning of Titles II and III of the ADA, requiring a modification

23   of policies and procedures to ensure that the goods and services

24   offered to the general public, including special programs for

25   seniors, are provided to persons with disabilities with full and

26   equal access.  An award of statutory attorney fees, litigation

27   expenses and costs, including but not limited to public interest

28   attorney fees pursuant to California Code of Civil Procedure §

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages          — 5 —

\\server\shared\jm\cases\f.davies hall\pleadings\davies hall cmp.doc

1    1021.5 are sought by plaintiff.

2        10.   The establishment known as the Davies Symphony Hall

3    is also operated as a "public accommodation" and "business

4    entity" subject to the requirements of California Health &

5    Safety Code §§19952, 19953 and 19955 et seq. and of California

6    Civil Code §§ 51, 51.5, 52, 54 and 54.1, et seq.   On

7    information and belief, such facilities have, since initial

8    construction in 1980, undergone additional construction and/or

9    "alterations, structural repairs, or additions," subjecting all

10   such buildings and facilities to disabled access requirements

11   pursuant to Health & Safety Code §19952-19959, et seq.   On

12   information and belief Davies Hall has also undergone

13   significant alterations and renovations since January 26, 1993

14   subjecting defendants to the obligations of Title II and III to

15   modify their policies and procedures to ensure that the

16   programs, services, activities and goods offered to the public

17   are offered to persons with disabilities in a full and equal

18   manner.

19       11.   The true names and capacities of Does 1 through 25,

20   inclusive, are unknown to plaintiff who therefore sues said

21   defendants by such fictitious names.   Plaintiff is informed and

22   believes that each of the defendants herein designated as Doe

23   1-25 is legally responsible in some manner for the events and

24   happenings herein referred to and caused injury and damages

25   proximately thereby to plaintiff; plaintiff prays leave of

26   Court to amend this Complaint to show such true names and

27   capacities when the same have been ascertained.

28

**Complaint for Injunctive Relief and Damages**                    — 6 —

1      12.  Defendants The CITY AND COUNTY OF SAN FRANCISCO; BOARD

2  OF TRUSTEES FOR THE SAN FRANCISCO WAR MEMORIAL AND PERFORMING

3  ARTS CENTER; SAN FRANCISCO PERFORMANCES, INC.; SAN FRANCISCO

4  SYMPHONY and DOES 1-25, inclusive, are and were the owners,

5  operators, lessors and lessees of the subject property,

6  buildings, facilities and business establishment at all relevant

7  times.  Plaintiff is informed and believes that each of the

8  defendants herein is the agent, employee or representative of

9  each of the other defendants, and performed all acts and

10  omissions stated herein within the scope of such agency or

11  employment or representative capacity and is responsible in some

12  manner for the acts and omissions of the other defendants in

13  proximately causing the damages complained of herein.

14      13.  Plaintiff will seek leave to amend her Complaint when

15  the true names, capacities, connections, and responsibilities

16  of defendants The CITY AND COUNTY OF SAN FRANCISCO; BOARD OF

17  TRUSTEES FOR THE SAN FRANCISCO WAR MEMORIAL AND PERFORMING ARTS

18  CENTER; SAN FRANCISCO PERFORMANCES, INC.; SAN FRANCISCO

19  SYMPHONY; and DOES 1-25, inclusive, are ascertained.

20  References to "Defendants," unless otherwise specified, shall

21  be deemed to refer to all defendants and each of them.

22

23                 **FIRST CAUSE OF ACTION:**

**DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL**

24        **ACCESS TO A PLACE OF PUBLIC ACCOMMODATION**

**(Civil Code §§ 54, 54.1, et seq.; Health & Safety Code §§**

25             **19952, 19953 and 19955 et seq.)**

26      14.  Plaintiff repleads and incorporates by

27  reference, as if fully set forth again herein, the factual

28  allegations contained in Paragraphs 1 through 13, above, and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**

\\server shared\jm\cases\d davies hall\pleadings\davies hall.cmp.doc

1  incorporates them herein by reference as if separately repled

2  hereafter.

3          15.  **STATUTORY PROVISIONS:**  Government Code §§4450 et

4  seq. were enacted to ensure "that all buildings, structures,

5  sidewalks, curbs, and related facilities constructed in this

6  state by the use of state, county or municipal finds… shall be

7  accessible to and usable by persons with disabilities."

8  Government Code § 4456 requires that any publicly funded

9  "building or facility" altered, structurally repaired or added

10  to after November 13, 1968 be "accessible to and useable by

11  persons with disabilities."  On information and belief, Davies

12  Hall was originally constructed in 1980, and has undergone

13  significant "alterations, structural repairs and additions"

14  that triggered disabled access under Title 24, California Code

15  of Regulations, which was in effect at the time of each

16  alteration which, on information and belief, occurred at such

17  public facility since January 1, 1982, thus requiring access

18  complying with the specifications of Title 24 whenever each

19  such "alteration, structural repair or addition" was carried

20  out.  Such "alterations, structural repairs or additions"

21  included a major structural and interior renovation in 1992.

22  Section 4450ff Government Code and Title 24-2 also impose

23  additional access requirements with which defendants have not

24  complied, including accessible wheelchair and companion seating

25  in Davies Hall.  On information and belief, construction and

26  alterations occurred after January 26, 1992, which also

27  triggered access requirements under the standards and

28  regulations for implementing Titles II and III of the ADA,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**          — 8 —

\\server shared jm\cases'd davies hall'pleadings\davies hall.cmp.doc

1   including the obligation for defendants to provide their senior

2   citizen programs and tickets so that such programs are

3   accessible to and usable by persons with disabilities.

4        16.   California Civil Code §54.1 states that

5   individuals with disabilities are "entitled to full and equal

6   access, as other members of the general public, to

7   accommodations, advantages, facilities...places of public

8   accommodations, amusement, or resort, and other places to which

9   the general public is invited, subject only to the conditions

10  and limitations established by law...and applicable alike to

11  all persons."   Health and Safety Code 19952 provides that

12  theaters, concert halls, and stadiums "shall provide seating or

13  accommodations for physically disabled persons in a variety of

14  locations within the facility...so as to provide these persons

15  a choice of admission prices otherwise available to members of

16  the general public."   Health & Safety Code §§ 19955 and 19955.5

17  were enacted "To ensure that public accommodations or

18  facilities constructed in this state with private funds adhere

19  to the provisions of Chapter 7 (commencing with §4450) of

20  Division 5 of Title 1 of the Government Code."   California Code

21  of Regulations, Title 24-2 ("Title 24-2") was in effect at the

22  time of each alteration which occurred at such public facility

23  since July 1, 1982, additionally requiring access complying

24  with the specifications of Title 24-2 whenever any

25  construction, "alteration, structural repair or addition" was

26  performed.   All such constructions and/or alterations were

27  carried out by the current defendant owners or operators, or by

28  their predecessors in interest, whose acts and omissions are

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                                    — 9 —

\\server\shared\jm\cases\d davies hall\pleadings\davies hall.cmp.doc

1  the continuing and current responsibility of all current

2  owners, operators, lessors and lessees.

3      17.  **FACTUAL STATEMENT**: Plaintiff Sharon Letcher is a

4  physically disabled person as the result of multiple sclerosis.

5  During the summer of 2004, Plaintiff received information from

6  defendants advertising a special series of concert tickets for

7  Davies Symphony Hall available for senior citizen at a

8  discounted rate for the 2004-2005 season.  After receiving this

9  information plaintiff called the ticket box office for Davies

10  Symphony Hall requesting information concerning accessible and

11  companion seating and was told it was available.  Plaintiff

12  thereafter purchased a set of eight (8) concert tickets under

13  defendants' special program for senior citizens for her and a

14  companion.  She informed the ticket seller that she was

15  physically disabled.

16      18.  Plaintiff thereafter received concert tickets from

17  defendants with the first concert ticket scheduled for October

18  14, 2004.  On or about October 14, 2004, plaintiff went in her

19  wheelchair to the Davies Hall for the first concert of her

20  series tickets.  When plaintiff arrived she went to find the

21  seat indicated on her ticket, in 2 Tier E, seats 9 and 11, only

22  to find that her assigned seats was located down two steps from

23  the aisle way.  Plaintiff contacted the usher and informed her

24  that she could not use the seats assigned to her because they

25  were not accessible to her in her wheelchair.  Defendants'

26  employees contacted plaintiff and offered plaintiff an

27  available accessible seat in the orchestra section.  Plaintiff

28  accepted this offer and was taken by employees to the orchestra

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                    — 10 —

\\server\shared\jm\cases\d davies hall\pleadings\davies hall cmp.doc

1   section.  On information and belief the public path of travel

2   from the lobby to the orchestra section is dangerously steep

3   with a slope far exceeding the maximum 8.3% slope allowed by

4   law.  An "alternate" path of to the orchestra section, through

5   an employee area and back hallways, is also inaccessible for

6   disabled persons with excessive slopes and cross slopes,

7   inaccessible doorways and no signage.  The designated

8   "accessible" seating in the orchestra seating is also not

9   properly located or configured, and is not located adjacent to

10  the designated companion seating.

11      19.  During the week following the October 14th concert

12  plaintiff called defendants to let defendants know that the

13  remaining seven senior citizen concert tickets in her concert

14  package were not for accessible seats, and to ask defendants to

15  reassign her seats to an accessible location.  Defendants'

16  employee informed plaintiff that if she wanted accessible seats

17  she could purchase tickets in the orchestra section, but she

18  would have to pay for orchestra seats at a much higher rate

19  than the rate for the special "Senior Citizen" tickets.

20  Plaintiff was not willing to pay the additional cost and asked

21  to be accommodated.  Defendants informed plaintiff that she

22  could return the tickets for inaccessible seats. Plaintiff

23  returned the tickets for the remaining seven (7) concerts and

24  was not able to attend the concert series she had paid for

25  because she was assigned inaccessible seats.

26      20.  On information and belief, although there may be

27  "accessible" seating facilities at the Davies Hall, defendants

28  have failed to modify their policies and procedures to ensure

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                — 11 —

\\server\shared\jm\cases\d davies hall pleadings\davies hall.cmp.doc

1    that the accessible seating is available for disabled guests.

2    On information and belief, the accessible seats are sold to

3    able-bodied persons without reserving or giving disabled

4    persons equal opportunity to purchase accessible seats.  For

5    example, although able-bodied guests may purchase tickets via

6    the Internet or through ticket services such as Ticket Master,

7    persons needing disabled accessible seats cannot purchase

8    tickets except through the box office, with limited hours and

9    access.  As a result of this policy, accessible seats are not

10   reserved for disabled use and are instead sold via ticket

11   agents and the internet to able-bodied guests.  Therefore, when

12   plaintiff sought to exchange her tickets, she could not be

13   provided any accessible seats in accessible locations because,

14   on information and belief they had all been sold to able-bodied

15   persons instead of being reserved for use by disabled persons.

16   The only remaining seats were those in the orchestra section

17   for much higher cost.

18       21.  In addition to the discriminatory policy of refusing

19   to provide wheelchair seating to patrons who purchase Senior

20   Package tickets, and the discriminatory policy of failing to

21   reserve accessible seats, on information and belief, the

22   facilities are inaccessible to persons with disabilities in

23   other aspects, including, but not limited to, seating in the

24   front orchestra seats that is not correctly sized and located

25   for use by a wheelchair patron and his or her guest, and an

26   inaccessible path of travel to this seating, rendering such

27   facilities inaccessible to and unusable by plaintiff and other

28   mobility disabled persons.  Defendants must be enjoined from

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                — 12 —

\\server\shared\jm\cases\d davies hall\pleadings\davies hall cmp.doc

1   maintaining a discriminatory policy of refusing to provide

2   accessible wheelchair seating to patrons who purchase Senior

3   Package tickets; modifying their policies and procedures to

4   allow disabled persons the same opportunity to purchase

5   accessible seats in a variety of locations at a variety of

6   prices; and to require that all facilities at the subject

7   property be brought into compliance with all applicable federal

8   and state requirements for disabled access.

9       22.  Further, each and every violation of the Americans

10  With Disabilities Act of 1990 ("ADA"), (as pled in the Fourth

11  Cause of Action, the contents of which are repled and

12  incorporated herein, word for word, as if separately repled),

13  also constitutes a separate and distinct violation of

14  California Civil Code §§54(c) and 54.1(d), thus independently

15  justifying an award of damages as to defendants San Francisco

16  Performances, Inc. and San Francisco Symphony only, per §54.3

17  and injunctive relief pursuant to California law, including but

18  not limited to §55 Civil Code and §19953 Health and Safety

19  Code, as to all defendants.

20      23.  **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief

21  to prohibit the acts and omissions of defendants as complained

22  of herein which are continuing and which have the effect of

23  wrongfully excluding plaintiff and other members of the public

24  who are physically disabled wheelchair users from full and

25  equal access to these public facilities.  Such acts and

26  omissions are the cause of humiliation and mental and emotional

27  suffering of plaintiff SHARON LETCHER in that these actions

28  continue to treat her as an inferior and second class citizen

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                    — 13 —

\\server\shared\jm\cases\f davies hall pleadings\davies hall cmp.doc

1   and serve to discriminate against her on the sole basis that

2   she is a person with disabilities who requires the use of a

3   wheelchair for movement in public places.  Plaintiff is unable

4   to achieve equal access to and use of these public facilities

5   so long as such acts and omissions of defendants continue.  The

6   acts of defendants have proximately caused and will continue to

7   cause irreparable injury to plaintiff if not enjoined by this

8   Court.

9       24.  Wherefore plaintiff asks this Court to preliminarily

10  and permanently enjoin any continuing refusal by defendants to

11  grant full and equal access to plaintiff in the respects

12  complained of and to require defendants to comply forthwith

13  with the applicable statutory requirements relating to access

14  for disabled persons, or, alternatively, to close their

15  inaccessible facilities to the public and cease to operate

16  their business in a discriminatory manner.  Such injunctive

17  relief is provided by Health & Safety Code §19953 and

18  California Civil Code §55, and other law.

19      25.  The actions and omissions of Defendants, the CITY AND

20  COUNTY OF SAN FRANCISCO and BOARD OF TRUSTEES FOR THE SAN

21  FRANCISCO WAR MEMORIAL AND PERFORMING ARTS CENTER and DOES 1

22  through 25, Inclusive, as herein alleged, constitute a denial of

23  access to and use of the described public facilities owned or

24  operated by a public entity for the use of physically disabled

25  persons within the meaning of California Government Code §4450 et

26  seq. and Health & Safety Code §§ 19955 *et. seq.*  As a proximate

27  result of Defendants' the CITY AND COUNTY OF SAN FRANCISCO and

28  BOARD OF TRUSTEES FOR THE SAN FRANCISCO WAR MEMORIAL AND

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                — 14 —

\\server\shared\jm\cases\d davies hall pleadings\davies hall.cmp.doc

1    PERFORMING ARTS CENTER and DOES 1 through 25, Inclusive, actions

2    and omissions, Defendants have discriminated against Plaintiff in

3    violation of California Government Code §§4450 *et seq.,* Health &

4    Safety Code §§ 19955 *et seq.* and of Title 24 regulations adopted

5    to implement California law.

6         26.   Plaintiff has no adequate remedy at law, and unless the

7    relief requested herein is granted, Plaintiff will continue to

8    suffer discrimination and to be deterred from using defendants'

9    public accommodations as a result of Defendants' failure to

10   fulfill their obligations to provide meaningful access to the

11   Davies Symphony Hall and its related public accommodations.

12        27.   **DAMAGES:** As to Defendants SAN FRANCISCO PERFORMANCES,

13   INC. and THE SAN FRANCISCO SYMPHONY.  As a result of

14   defendants' discriminatory policy and the denial of equal

15   access to the facility due to the acts and omissions of

16   defendants and each of them in owning, operating, leasing,

17   constructing, altering, and maintaining the subject public

18   facilities, plaintiff suffered a violation of her civil rights

19   including but not limited to rights under Civil Code §§ 54 and

20   54.1, and, on information and belief, suffered mental and

21   emotional distress, embarrassment and humiliation, all to her

22   damages as hereinafter stated.  Defendants' actions and

23   omissions to act constitute discrimination against plaintiff on

24   the sole basis that she was and is physically disabled and

25   unable, because of the discriminatory policies and

26   architectural barriers created and/or maintained by the

27   defendants in violation of the subject laws, to use the public

28   facilities on a full and equal basis as other persons.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                — 15 —

\\server\shared\jm\cases\d davies hall pleadings\davies hall cmp.doc

1  Plaintiff also seeks trebling of all actual damages, general

2  and special, as provided by Civil Code §54.3.

3      28.  **TREBLE DAMAGES:** As to Defendants SAN FRANCISCO

4  PERFORMANCES, INC. and THE SAN FRANCISCO SYMPHONY: On

5  information and belief, defendants have exhibited a conscious

6  disregard for the rights of plaintiff and other disabled

7  persons, which justifies treble damages pursuant to Civil Code

8  §54.3.  Defendants' intentional and discriminatory policy of

9  refusing to provide accessible wheelchair seating to patrons

10  who purchase Senior Package tickets, and their refusal to

11  accommodate plaintiff by providing her accessible seats for the

12  seven remaining "senior series" concerts, evidences intentional

13  discrimination and conscious disregard for the rights of

14  disabled persons.

15      29.  **FEES AND COSTS:**  As a result of defendants' acts and

16  omissions, plaintiff has been required to incur attorney fees,

17  litigation expenses, and costs as provided by statute, in order

18  to enforce plaintiff's rights and to enforce provisions of the

19  law protecting access for disabled persons and prohibiting

20  discrimination against disabled persons.  Plaintiff therefore

21  seeks recovery of all reasonable attorney fees, litigation

22  expenses, and costs, pursuant to the provisions of Civil Code

23  §§ 54.3 and 55 and Health and Safety Code §19953. Additionally,

24  plaintiff's lawsuit is intended to force the defendants to

25  modify their discriminatory policies and to make their

26  facilities accessible to all disabled members of the public,

27  justifying "public interest" attorney fees, litigation expenses

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                — 16 —

\\server\shared\jm\cases\rd davies hall\pleadings\davies hall.cmp.doc

1  and costs pursuant to the provisions of §1021.5 Code of Civil

2  Procedure and other applicable law.

3        Wherefore plaintiff prays for relief as hereinafter

4  stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF UNRUH CIVIL RIGHTS ACT**
**CALIFORNIA CIVIL CODE §§ 51 AND 52,**
**DENIAL OF FULL AND EQUAL ACCOMMODATION IN A BUSINESS**
**ESTABLISHMENT ON THE BASIS OF DISABILITY**

8        30.   Plaintiff repleads and incorporates by reference, as

9  if fully set forth again herein, the factual allegations

10  contained in Paragraphs 1 through 29, above, and incorporates

11  them herein by reference as if separately repled hereafter.

12        31.   At all times herein mentioned, the Unruh Civil Rights

13  Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free
> and equal, and no matter what their sex, race, color
> religion, ancestry, national origin, disability or medical
> condition are entitled to the full and equal
> accommodations, advantages, facilities, privileges, or
> services in all business establishments of every kind
> whatsoever.

18  Pursuant to Cal. Civil Code §51(f),

> A violation of the right of any individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-
> 336) shall also constitute a violation of this section.

21        32.   Defendants' theater facilities are a "business

22  establishment" subject to Cal. Civil Code §51(b).  Plaintiff

23  suffered damages as above described as a result of defendants'

24  violation of California Civil Code §§ 51(b) and 51(f) in

25  multiple respects, including but not limited to violations of

26  the ADA, as described in the Third Cause of Action, infra, the

27  contents of which cause of action are incorporated herein as if

28  separately repled.  California Civil Code §52(a) provides that

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                — 17 —

\\server\shared\jm\cases\d davies hall pleadings\davies hall.cmp.doc

1  each such violation entitles plaintiff to "the actual damages,

2  and any amount that may be determined by a jury, or a court

3  sitting without a jury, up to a maximum of three times the

4  amount of actual damage but in no case less than four thousand

5  dollars ($4,000), and any attorney's fees that may be

6  determined by the court in addition thereto..."

7      WHEREFORE, plaintiff prays for damages as to

8  Defendants SAN FRANCISCO PERFORMANCES, INC. and THE SAN

9  FRANCISCO SYMPHONY only and injunctive relief as to all

10 defendants, as hereinafter stated.

11

12                    **THIRD CAUSE OF ACTION:**
   **VIOLATION OF TITLE III OF THE AMERICANS WITH**
13       **DISABILITIES ACT OF 1990 (42 USC §12101FF):**
   **PROHIBITION AGAINST DISCRIMINATION IN A PLACE OF ACCOMMODATION**
14                **ON THE BASIS OF DISABILITY**

15     33.  Plaintiff repleads and incorporates by reference, as

16 if fully set forth again herein, the allegations contained in

17 Paragraphs 1 through 32 of this Complaint, and incorporates

18 them herein as if separately repled.

19     34.  In 1990 the United States Congress made findings per

20 42 USC §12101 regarding physically disabled persons, finding

21 that laws were needed to more fully protect "some 43 million

22 Americans [with] one or more physical or mental disabilities;"

23 that had historically been isolated and segregated by society

24 and that "the continuing existence of unfair and unnecessary

25 discrimination and prejudice denies people with disabilities

26 the opportunity to compete on an equal basis and to pursue

27 those opportunities for which our free society is justifiably

28 famous..."

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**

\\server\shared\jrr\cases\d davies hall\pleadings\davies hall cmp.doc

1    35.   Congress stated as its purpose in passing the

2  Americans with Disabilities Act (42 USC §12101(b))

3    It is the purpose of this act

4    (1) to provide a clear and comprehensive national mandate
     for the elimination of discrimination against individuals
5    with disabilities;

6    (2) to provide clear, strong, consistent, <u>enforceable</u>
     <u>standards</u> addressing discrimination against individuals
7    with disabilities;

8    (3) to ensure that the Federal government plays a central
     role in enforcing the standards established in this act on
9    behalf of individuals with disabilities; and

10   (4) to invoke the sweep of Congressional authority,
     including the power to enforce the 14th Amendment and to
11   regulate commerce, in order to address the major areas of
     <u>discrimination faced day to day</u> by people with
12   disabilities. (Emphasis added)

13   36.   As part of the Americans with Disabilities Act,

14 Public Law 101-336, (hereinafter the "ADA"), Congress passed

15 "Title III - Public Accommodations and Services Operated by

16 Private Entities" (42 USC 12181ff).   The subject property and

17 facility is one of the "private entities" which are considered

18 "public accommodations" for purposes of Title III (42 USC

19 12181(7)), including but not limited to:

20   a motion picture house, theater, concert hall, stadium or
     other place of exhibition or entertainment (42 USC
21   12181(7)(C))

22 and

23   an auditorium, convention center, lecture hall, or other
     place of public gathering (42 USC 12181(7)(D)).

24

25   37.   Pursuant to 42 USC §12182(a), "No individual shall be

26 discriminated against on the basis of disability in the full

27 and equal enjoyment of the goods, services, facilities,

28 privileges, advantages, or accommodations of any place of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**

— 19 —

\\server\shared\jm\cases\d\davies hall\pleadings\davies hall cmp.doc

1   public accommodation by any person who owns, leases, or leases

2   to, or operates a place of public accommodation."

3       38.   The specific prohibitions against discrimination

4   included:

5       A failure to make reasonable modifications in policies,
        practices or procedures when such modifications are
6       necessary to afford such goods, services, facilities,
        privileges, advantages or accommodations to individuals
7       with disabilities...; (42 USC (12182(b)(2)(A)(ii).)

8       A failure to take such steps as may be necessary to ensure
        that no individual with a disability is excluded, denied
9       service, segregated, or otherwise treated differently than
        other individuals because of the absence of auxiliary aids
10      and services...; (42 USC (12182(b)(A)(iii).)

11      A failure to remove architectural barriers, and
        communication barriers that are structural in nature, in
12      existing facilities... where such removal is readily
        achievable; (42 USC (12182(b)(2)(A)(iv).)

13
        Where an entity can demonstrate that the removal of a
14      barrier under clause (iv) is not readily achievable, a
        failure to make such goods, services, facilities,
15      privileges, advantages, or accommodations available
        through alternative methods if such methods are readily
16      achievable." The acts and omissions of Defendants set
        forth herein were in violation of Plaintiff's rights under
17      the ADA, and the regulations promulgated thereunder, 28
        CFR Part 36ff. (42 USC (12182(b)(2)(A)(v).)

18

19      39.   Defendants' failure to modify their policies and

20  practices and their failure to take steps necessary to ensure

21  that plaintiff and other similarly disabled persons were not

22  excluded, denied services or were otherwise treated differently

23  because of their disability is a violation of Title III of the

24  ADA.

25      40.   Further, the removal of each of the barriers

26  complained of by plaintiff as hereinabove alleged, was at all

27  times "readily achievable" under the standards and regulations

28  established by the Department of Justice to implement Title III

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages          — 20 —

\\server shared jm\cases\d davies hall\pleadings\davies hall.cmp.doc

1   of the ADA.  As noted hereinabove, removal of each and every

2   one of the architectural barriers complained of herein was also

3   required under California law due to "alterations, structural

4   repairs, or additions."  Further, on information and belief,

5   alterations to existing facilities since January 26, 1992 have

6   also independently triggered requirements for removal of

7   barriers to access for disabled persons pursuant to 42 USC

8   §12183.

9       41.  On information and belief, as of the date of

10  plaintiff's encounter at the premises and the filing of this

11  Complaint, the premises have denied and continue to deny full

12  and equal access to plaintiff and to other disabled persons,

13  including wheelchair users, in other respects, which violated

14  plaintiff's rights to full and equal access and which

15  discriminated against plaintiff on the basis of her disability,

16  thus wrongfully denying to plaintiff the full and equal

17  enjoyment of the goods, services, facilities, privileges,

18  advantages and accommodations, and in treating plaintiff

19  differently because of her disability in violation of the ADA.

20  (42 USC §12182)

21      42.  Pursuant to §308 of the ADA [42 USC 12188ff],

22  Plaintiff is entitled to the remedies and procedures set forth

23  in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-

24  3(a), as plaintiff is being subjected to discrimination on the

25  basis of her disability in violation of Title III and has

26  reasonable grounds for believing that she will continue to be

27  discriminated against in violation of the ADA.  On information

28  and belief, defendants have continued to maintain their

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                — 21 —

\\server\shared\jm\cases\d davies hall\pleadings\davies hall cmp.doc

1   discriminatory policies and have continued to violate the law;

2   denying plaintiff and other disabled persons access to this

3   public accommodation since on or before October 2004. Pursuant

4   to §308(a)(2), injunctive relief involving cases of violations

5   of §302(b)(2)(A)(iv) and §303(a) shall include an order to make

6   such facilities readily accessible to and usable by individuals

7   with disabilities and to require the modification of a policy

8   to the extent required by Title III.

9       43.   Plaintiff seeks relief pursuant to remedies set forth

10  in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-

11  3(a)), and pursuant to Federal Regulations adopted to implement

12  the ADA.   Plaintiff is a qualified person for purposes of the

13  ADA (42 USC §12188) who is being subjected to discrimination on

14  the basis of disability in violation of Title III and who has

15  reasonable grounds for believing she will be subjected to such

16  discrimination each time that she may attempt to use the

17  subject facilities.   Plaintiff remains deterred from returning

18  to such facilities by defendants' discriminatory policies and

19  inaccessible facilities.

20      Wherefore plaintiff prays for relief as hereinafter

21  stated.

22

23                    **FOURTH CAUSE OF ACTION:**
    **DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH**
24  **DISABILITIES ACT OF 1990 AGAINST DEFENDANTS THE CITY AND COUNTY**
    **OF SAN FRANCISCO AND THE BOARD OF TRUSTEES FOR THE SAN**
25         **FRANCISCO WAR MEMORIAL AND PERFORMING ARTS CENTER**

26

27      44.   Plaintiff repleads and incorporates by reference, as

28  if fully set forth hereafter, the allegations contained in

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                — 22 —

\\server\shared\jm\cases\d davies hall\pleadings\davies hall.cmp.doc

1 | paragraphs 1 through 43 of this complaint and incorporates them

2 | herein as if separately repled.

3 |   45.   Effective January 26, 1992, Plaintiff was entitled to

4 | the protections of the "Public Services" provision of Title II

5 | of the Americans with Disabilities Act of 1990.  Title II,

6 | Subpart A prohibits discrimination by any "public entity",

7 | including any state or local government, as defined by 42 USC

8 | §12131, section 201 of the ADA.

9 |   46.   Pursuant to 42 USC §12132, Section 202 of Title II, no

10 | qualified individual with a disability shall, by reason of such

11 | disability, be excluded from participation in or be denied the

12 | benefits of the services, programs or activities of a public

13 | entity, or be subjected to discrimination by any such entity.

14 | Plaintiff was at all times relevant herein a qualified individual

15 | with a disability as therein defined.

16 |   47.   The defendant government entities have failed in their

17 | responsibilities as owners and operators of the subject public

18 | facilities under Title II to provide their services, programs and

19 | activities in a full and equal manner to disabled persons as

20 | described hereinabove, including but not limited to: failing to

21 | insure availability of accessible seating at Davies Hall for use

22 | by persons with physical disabilities; by failing to remove known

23 | architectural barriers at the subject facilities so as to render

24 | them accessible to physically disabled persons; and by

25 | implementing discriminatory policies in the sale of tickets for

26 | Senior Package patrons and other disabled patrons.  As a

27 | proximate result of Defendants' actions and omissions, Defendants

28 | have discriminated against Plaintiff, in violation of Title II of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                 — 23 —

\\server\shared\jm\cases\d davies hall pleadings\davies hall cmp.doc

1    the ADA, and of the regulations adopted to implement the ADA.

2        48.   On information and belief, Defendants have further

3    violated C.F.R § 35.151, regulations implementing the ADA, by

4    altering the Theatre in 1992 without ensuring that the altered

5    portions of the facility was "readily accessible to and usable by

6    individuals with disabilities."

7        49.   As a result of such discrimination, in violation of §202

8    of the ADA, Plaintiff is entitled to the remedies, procedures and

9    rights set forth in Section 505 of the Rehabilitation Act of 1973

10   (29 USC §794a).  Plaintiff seeks injunctive relief to require

11   Defendants to remove the barriers to access complained of, and

12   seeks statutory attorneys' fees, litigation expenses and costs,

13   according to proof.

14       50.   **INJUNCTIVE RELIEF:**  To the date of filing this

15   complaint, the facilities at Davies Hall continue to be

16   inaccessible to persons with disabilities such as Plaintiff.

17   Further, defendants continue their discriminatory policy of

18   selling "accessible seating" tickets on the internet and via

19   ticket agents to able-bodied persons, which policy results in the

20   loss of wheelchair accessible seating for "Senior Package"

21   patrons.  Plaintiff requests that an injunction be ordered

22   requiring Defendants to take prompt action to modify the

23   aforementioned public facilities and policies to render them

24   accessible to and usable by plaintiff and other similarly situated

25   physically disabled persons, and to discontinue their

26   discriminatory ticket sale policies.

27           Wherefore, Plaintiff prays that the court grant relief

28   as requested hereinbelow.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                    — 24 —

\\server\shared\jm\cases\d davies hall pleadings\davies hall.cmp.doc

1

### FIFTH CAUSE OF ACTION:
### VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973

2

3      51.   Plaintiff repleads and incorporates by reference, as if

4   fully set forth hereafter, the allegations contained in

5   Paragraphs 1 through 50 of this complaint and incorporates them

6   herein as if separately repled.

7      52.   Defendants, The CITY AND COUNTY OF SAN FRANCISCO and

8   the BOARD OF TRUSTEES FOR THE SAN FRANCISCO WAR MEMORIAL AND

9   PERFORMING ARTS CENTER are governmental agencies existing under

10  the laws of the State of California with responsibility for the

11  public accommodations throughout the San Francisco War Memorial

12  and Performing Arts Center, including the Davies Hall facilities.

13  Plaintiff is informed and believes and therefore allege that

14  Defendants, The CITY AND COUNTY OF SAN FRANCISCO and the BOARD OF

15  TRUSTEES FOR THE SAN FRANCISCO WAR MEMORIAL AND PERFORMING ARTS

16  CENTER; and DOES 1 through 25, Inclusive, are recipients of

17  Federal financial assistance and that part of that financial

18  assistance is used to fund the operations, construction and/or

19  maintenance of the specific public facilities described herein,

20  and the activities which take place therein.

21     53.   By their actions or inactions in denying disabled

22  accessible facilities at the public facilities specified herein,

23  defendants have violated Plaintiff's rights under §504 of the

24  Rehabilitation Act of 1973, 29 USC §794, and the regulations

25  promulgated thereunder.

26     54.   By their actions or inactions in denying to Plaintiff

27  SHARON LETCHER her right to have equal access to the same

28  programs, activities and environment as non-disabled persons, and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                    — 25 —

1   by otherwise discriminating against Plaintiff solely by reason of

2   her physical disabilities, Defendants and each of them have

3   violated Plaintiff's rights under §504 of the Rehabilitation Act

4   of 1973 and the regulations promulgated thereunder.  Plaintiff

5   seeks 1) injunctive relief through a Court order requiring

6   Defendants to correct the access deficiencies complained of

7   herein so that Plaintiff will not continue to be discriminated

8   against and/or deterred from entering and accessing the many

9   public accommodations in Davies Hall on the same basis as

10  non-disabled persons and 2) recovery of statutory attorney fees,

11  litigation expenses and costs.

12      55.  Plaintiff has no adequate remedy at law, and unless the

13  relief requested herein is granted, Plaintiff will continue to

14  suffer irreparable injury by the deprivation of meaningful access

15  to the public performances and programs at Davies Symphony Hall

16  and related public facilities operated by Defendants therein.

17      Wherefore, Plaintiff prays the court grant relief as

18  requested hereinbelow.

19

20                          **PRAYER**

21      Plaintiff SHARON LETCHER prays that this Court:

22  1.   Issue a preliminary and permanent injunction

23  directing defendants as current owners, operators, lessors,

24  and/or lessees of the subject premises to modify their

25  discriminatory policy regarding the sale and reservation of

26  tickets to Davies Hall performances, and to modify their public

27  facilities so that each provides full and equal access to

28  persons with disabilities; and issue a preliminary and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                  — 26 —

\\server\shared\jm\cases\d davies hall pleadings\davies hall cmp.doc

1   permanent injunction enjoining defendants from maintaining a

2   discriminatory policy and requiring defendants to provide

3   accessible facilities for plaintiff and similarly disabled

4   persons; or in the alternative, directing defendants to close

5   their business establishment and cease to operate as a public

6   accommodation or business establishment until such time as the

7   facilities are made accessible to persons with disabilities;

8       2.   Retain jurisdiction over defendants until such time

9   as the Court is satisfied that defendants' unlawful policies,

10  practices, acts and omissions, and maintenance of inaccessible

11  public facilities as complained of herein no longer occur, and

12  cannot recur;

13      3.   Award to Plaintiff SHARON LETCHER all appropriate

14  damages from Defendants SAN FRANCISCO PERFORMANCES, INC. and

15  THE SAN FRANCISCO SYMPHONY, and Does 1-10, including but not

16  limited to statutory damages, general damages and treble

17  damages in an amount within the jurisdiction of the Court, all

18  according to proof;

19      4.   Award to plaintiff all reasonable attorney fees,

20  litigation expenses, and costs of this proceeding as provided

21  by law; and

22      5.   Grant such other and further relief as this Court may

23  deem just and proper.

24  Dated: September 19, 2005        PAUL L. REIN
                                     PATRICIA BARBOSA
25                                   JULIE MCLEAN
                                     LAW OFFICES OF PAUL L. REIN
26

27                                   /s/ Paul L. Rein
                                     Attorneys for Plaintiff
28                                   SHARON LETCHER

**Complaint for Injunctive Relief and Damages**                    — 27 —

\\server\shared\jm\cases\d davies hall\pleadings\davies hall.cmp.doc

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands a jury for all claims for

3    which a jury is permitted.

4

5    Dated: September 19, 2005        PAUL L. REIN
                                      PATRICIA BARBOSA
6                                     JULIE MCLEAN
                                      LAW OFFICES OF PAUL L. REIN
7

8
                                      /s/ Paul L. Rein
9                                     Attorneys for Plaintiff
                                      SHARON LETCHER
10

11

12          **CERTIFICATION OF INTERESTED ENTITIES OR PARTIES**

13          Pursuant to Civil L.R. 3-16, the undersigned

14   certifies that as of this date, other than the named parties,

15   there is no such interest to report.

16

17   Dated: September 19, 2005        PAUL L. REIN
                                      PATRICIA BARBOSA
18                                    JULIE MCLEAN
                                      LAW OFFICES OF PAUL L. REIN
19

20
                                      /s/ Paul L. Rein
21                                    Attorneys for Plaintiff
                                      SHARON LETCHER
22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                    — 28 —

\\server\shared\jm\cases\d davies hall\pleadings\davies hall.cmp.doc