PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorneys for Plaintiff:
SHARON LETCHER

DENNIS J. HERRERA, Esq. (SBN 139669)
City Attorney
JOANNE HOEPER, Esq. (SBN 114961)
Chief Trial Deputy
DAVID W. AMMONS, Esq. (SBN 187168)
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102
(415) 554-3954

Attorneys for Defendants:
CITY AND COUNTY OF SAN FRANCISCO &
BOARD OF TRUSTEES FOR THE SAN FRANCISCO
WAR MEMORIAL AND PERFORMING ARTS CENTER

SEYFARTH SHAW, LLP
Samuel T. McAdam, Esq. (SBN 186084)
Kristina M. Launey, Esq. (SBN 221335)
400 Capitol Mall, Suite 2350
Sacramento, CA 95814-4428
(916) 448-0159

Attorneys for Defendant:
SAN FRANCISCO SYMPHONY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON LETCHER, <br><br> Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO; BOARD OF TRUSTEES SAN FRANCISCO WAR MEMORIAL AND PERFORMING ARTS CENTER; SAN FRANCISCO SYMPHONY; and DOES 1-25, Inclusive, <br><br> Defendants. <br> _____/ | CASE NO. C05-03772 JSW <br> <u>Civil Rights</u> <br><br> **[PROPOSED] ORDER GRANTING APPROVAL OF SETTLEMENT AGREEMENT BETWEEN THE PARTIES AS RESOLUTION OF COMPLAINT** |

[Proposed] Order Granting Approval of Settlement Agreement: Case No. C05-03772 JSW

— 1 —

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

s:\jo\cases\d\davies hall\pleadings\proposed order on settlement agreement.doc

Sharon Letcher filed her action on September 19, 2005 alleging violations of Titles II and III of the Americans with Disabilities Act of 1990. With the assistance of court mediator Howard Herman, the parties and their counsel of record in this action have reached an agreement for a complete resolution of Plaintiff's complaint, including her claims for injunctive relief and monetary claims according to the terms and conditions agreed to by the parties as set forth in the Settlement Agreement, including attachments A and B, attached hereto as **Exhibit A** to this order.

### ORDER

IT IS THEREFORE HEREBY ORDERED that the Settlement Agreement, and attachments A and B attached thereto, entered into by the parties and submitted to the court for approval, is hereby approved by the court as the complete resolution of plaintiff's complaint in this matter. According to the terms and conditions of the Settlement Agreement, the court will retain jurisdiction of this matter to enforce the terms and conditions of the Settlement Agreement until such time as the terms and conditions are met.

Dated: August 7, 2008

HON. JEFFERY S. WHITE
U.S. DISTRICT JUDGE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

[Proposed] Order Granting Approval of
Settlement Agreement: Case No. C05-
03772 JSW

— 2 —

s:\jo\cases\d\davies hall\pleadings\proposed order on settlement agreement.doc

PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorneys for Plaintiff:
SHARON LETCHER

DENNIS J. HERRERA, Esq. (SBN 139669)
City Attorney
JOANNE HOEPER, Esq. (SBN 114961)
Chief Trial Deputy
DAVID W. AMMONS, Esq. (SBN 187168)
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102
(415) 554-3954

Attorneys for Defendants:
CITY AND COUNTY OF SAN FRANCISCO &
BOARD OF TRUSTEES FOR THE SAN FRANCISCO
WAR MEMORIAL AND PERFORMING ARTS CENTER

SEYFARTH SHAW, LLP
Samuel T. McAdam, Esq. (SBN 186084)
Kristina M. Launey, Esq. (SBN 221335)
400 Capitol Mall, Suite 2350
Sacramento, CA 95814-4428
(916) 448-0159

Attorneys for Defendant:
SAN FRANCISCO SYMPHONY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON LETCHER,<br>        Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; BOARD OF TRUSTEES SAN FRANCISCO WAR MEMORIAL AND PERFORMING ARTS CENTER; SAN FRANCISCO SYMPHONY; and DOES 1-25, Inclusive,<br>        Defendants. | CASE NO. C05-03772 JSW<br><u>Civil Rights</u><br><br>**SETTLEMENT AGREEMENT**<br><br>Date Action Filed: 9/19/05<br><br>Judge: Honorable Jeffrey S. White |

Settlement Agreement
USDC ND. No.: C05-03772 JSW

1

d/davies/settlement/final

# SETTLEMENT AGREEMENT

1. Plaintiff SHARON LETCHER ("Plaintiff") filed this lawsuit on September 19, 2005 (the "Complaint"), against defendants: The CITY AND COUNTY OF SAN FRANCISCO; BOARD OF TRUSTEES FOR THE SAN FRANCISCO WAR MEMORIAL AND PERFORMING ARTS CENTER; and SAN FRANCISCO SYMPHONY (collectively the "Defendants")[1]. Plaintiff alleged that Defendants violated Titles II and III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, California Government Code § 4450 *et seq.*, California Government Code §§ 51, 52, 54, 54.1, and 55, and California Health and Safety Code §§ 19955 *et seq.*, by allegedly failing to provide full and equal access to the Davies Hall facilities, through the Halls' ticketing policies, auditorium seating, concession areas, interior paths of travel, and related facilities and signage, when Plaintiff visited the subject facility on October 14, 2005 at attend a concert. Plaintiff further alleges that Defendants' ticketing policies and procedures deterred her from attending the remaining 7 concerts at the special "Senior Citizen" ticket rate for the 2004-2005 concert season due to her physical disabilities. Defendants deny all of the allegations in Plaintiff's complaint, and deny that they have unlawfully discriminated against or otherwise wronged Plaintiff in any way.

2. The parties hereby enter into this Settlement Agreement for the sole purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability on the part of Defendants.

JURISDICTION:

3. The parties agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.*, Section 504 of the Rehabilitation Act, and pursuant to pendant jurisdiction for violations of California Government Code §4450 *et seq*, and California Health & Safety Code §19955 *et seq.*,

---

[1] San Francisco Performances, Inc. was also named in the Complaint as a defendant, but dismissed from the lawsuit by stipulation of the parties on December 13, 2005.

Settlement Agreement  2  d/davies/settlement/final
USDC ND. No.: C05-03772 JSW

California Code of Regulations, Title 24-2; and California Civil Code §§ 51.; 54; 54.1; 54.3; and 55.

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of an Order dismissing this action with prejudice pursuant to the terms of this Settlement Agreement, with the Court agreeing to maintain jurisdiction for the purpose of enforcing the terms of this Settlement Agreement, which provides as follows:

TERMS OF SETTLEMENT:

4. This Settlement Agreement shall be a full, complete, and final disposition and settlement of Plaintiff's claims that have arisen out of the Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA, Rehabilitation Act and/or California civil rights laws, and this Settlement Agreement should not be construed as such. The parties nevertheless acknowledge that Plaintiff alleged in her Complaint that Davies Hall and its facilities violated the ADA, federal regulations under the ADA, and state laws and regulations, and Plaintiff and seeks injunctive relief arising out of those alleged violations. Plaintiff agrees that the corrective work set forth in Attachment A (the "Work") and Attachment B (policy modifications) sufficiently modifies the subject facilities and modifies San Francisco Symphony policies to satisfy Plaintiff's claims for injunctive relief. Attachments A and B to this Agreement are incorporated herein by reference as if fully set forth in this document.

5. Within 30 days of the Court's approval of this Settlement Agreement, including its agreement to maintain jurisdiction for enforcement purposes, Plaintiff will file a request for dismissal of her Complaint with prejudice.

6. The Work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless the parties have agreed to other standards as specified in Attachments A and B.

TIME FOR COMPLETION OF WORK:

7. The Work agreed to in Attachment A and modification of policies in Attachment B will be completed within the time frame stated for each item of work or modification of policy

1   as set forth in Attachments A and B.  In the event that unforeseen difficulties prevent Defendants
2   from meeting these deadlines or completing any of the agreed upon Work, Defendants or their
3   counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay.  The
4   parties will thereafter meet in good faith to resolve any unforeseen delays within 30 days of the
5   Defendant's written notice to Plaintiff's counsel.  Plaintiff will conduct said meet and confer
6   with Defendants prior to seeking a motion to compel enforcement of this Agreement.

NOTICE OF COMPLETION OF WORK:

8.  Within 30 days of completion of the Work described in Attachment A the City will provide Plaintiff's attorneys with written notice that the agreed upon Work has been completed.  Within 30 days of implementation of the policies described in Attachment B, the Symphony will provide Plaintiff's attorneys with written notice that the policy modifications agreed upon in Attachment B have been implemented.  As for the Work to provide accessible seating in the Hall, the City will provide Plaintiff's attorneys with written notice of the status of the Work every six months from the execution of this Agreement until the Work is completed.

SETTLEMENT OF DAMAGE AND ATTORNEY FEE CLAIMS:

9.  The parties have also reached an agreement regarding all of Plaintiff's claims for damages and attorneys' fees as set forth in her Complaint in this matter.  Defendants will pay Plaintiff damages in the amount of ($28,000) in settlement of her claim for discrimination, and ($150,500) in settlement of her claims for attorneys' fees, costs and litigation expenses.  The San Francisco Symphony will deliver to Plaintiff's counsel payment in the form of a check in the amount of ($157,000) made payable to the "Law Office of Paul L. Rein in trust for SHARON LETCHER," within 30 days of the execution of this Agreement.  The City and County of San Francisco will deliver to Plaintiff's counsel payment in the form of a check in the amount of ($21,500) made payable to the "Law Office of Paul L. Rein in trust for SHARON LETCHER," within 60 days of the execution of this Agreement.

Settlement Agreement                                    4                              d/davies/settlement/final
USDC ND. No.: C05-03772 JSW

ENTIRE AGREEMENT:

10. This Agreement, and any Attachments incorporated herein, constitutes the entire agreement between the parties regarding the subject matter of this action, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Agreement, shall be admissible or enforceable to modify the terms of this Agreement.

AGREEMENT BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

11. This Agreement shall be binding on Plaintiff SHARON LETCHER, Defendants The CITY AND COUNTY OF SAN FRANCISCO; BOARD OF TRUSTEES FOR THE SAN FRANCISCO WAR MEMORIAL AND PERFORMING ARTS CENTER; and SAN FRANCISCO SYMPHONY, and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Agreement during the period of the Court's jurisdiction over enforcement of this Agreement.

MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:

12. Except for all obligations required in this Agreement, SHARON LETCHER, on behalf of herself and his agents, representatives, predecessors, successors, heirs, attorneys, partners and assigns, releases and forever discharges The CITY AND COUNTY OF SAN FRANCISCO; BOARD OF TRUSTEES FOR THE SAN FRANCISCO WAR MEMORIAL AND PERFORMING ARTS CENTER; SAN FRANCISCO PERFORMANCES, INC.; and SAN FRANCISCO SYMPHONY and all their officers, directors, trustees, board and board members, supervisors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives, from all claims, demands, damages, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with this action or the matters alleged in this action.

13.     Except for all obligations required in this Agreement, The CITY AND COUNTY OF SAN FRANCISCO; BOARD OF TRUSTEES FOR THE SAN FRANCISCO WAR MEMORIAL AND PERFORMING ARTS CENTER; SAN FRANCISCO PERFORMANCES, INC.; and SAN FRANCISCO SYMPHONY on behalf of themselves and their agents, representatives, predecessors, successors, heirs, attorneys, partners and assigns, releases and forever discharge Sharon Letcher from all claims, demands, damages, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with this action or the matters alleged in this action.

14.     Each of the parties to this Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Agreement, any or all of them will incur, suffer, or experience some further loss or damage with respect to the subject matter of the action which are unknown or unanticipated at the time this Agreement is signed. Except for all obligations required in this Agreement, the parties intend that this Agreement apply to all such further loss with respect to this action, except those caused by the parties subsequent to the execution of this Agreement. Therefore, except for all obligations required in this Agreement and claims the parties may have against other persons and entities that the parties have not released in Paragraphs 12 or 13, of this Agreement will apply to and cover any and all claims, demands, actions and causes of action by the parties to this Agreement arising out of or in any way connected with this action, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

TERM OF THE AGREEMENT:

15.     This Agreement shall be in full force and effect until the Work contemplated in this Agreement is completed in compliance with the terms herein agreed to by the parties. The Court shall retain jurisdiction of this action to enforce provisions of this Agreement until the

Settlement Agreement  6  d/davies/settlement/final
USDC ND. No.: C05-03772 JSW

1  Work contemplated by this Agreement is completed in compliance with the terms agreed to
2  herein by the parties.
3  SEVERABILITY:
4  16.    If any term of this Agreement is determined by any court to be unenforceable, the
5  other terms of this Agreement shall nonetheless remain in full force and effect.
6  FULL AND KNOWING WAIVER
7  17.    Each party consulted with an attorney, and executed this Agreement with a
8  complete understanding of its legal effect. The parties understand that executing this Agreement
9  expressly waives all the aforementioned rights, and binds them to the terms of this Agreement.
10
11  COUNTERPARTS
12  18.    This Agreement may be executed in its original version or in any copies,
13  counterparts, or other duplicates, and thus all signatures need not appear in the same documents.
14  SIGNATORIES BIND PARTIES:
15  19.    Signatories on the behalf of the parties represent that they are authorized to bind
16  the parties to this Agreement.

Dated: 7|25, 2008

*Sharon Letcher*
SHARON LETCHER, Plaintiff

Dated: _____, 2008

_____
CITY AND COUNTY OF SAN FRANCISCO

Dated: _____, 2008

_____
BOARD OF TRUSTEES FOR THE WAR
MEMORIAL AND PERFORMING ARTS
CENTER

Settlement Agreement             7            d/davies/settlement/final
USDC ND. No.: C05-03772 JSW

Work contemplated by this Agreement is completed in compliance with the terms agreed to herein by the parties.

SEVERABILITY:

16. If any term of this Agreement is determined by any court to be unenforceable, the other terms of this Agreement shall nonetheless remain in full force and effect.

FULL AND KNOWING WAIVER

17. Each party consulted with an attorney, and executed this Agreement with a complete understanding of its legal effect. The parties understand that executing this Agreement expressly waives all the aforementioned rights, and binds them to the terms of this Agreement.

COUNTERPARTS

18. This Agreement may be executed in its original version or in any copies, counterparts, or other duplicates, and thus all signatures need not appear in the same documents.

SIGNATORIES BIND PARTIES:

19. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Agreement.

Dated: _____, 2008

_____
SHARON LETCHER, Plaintiff

Dated: __8/6_____, 2008

_____
CITY AND COUNTY OF SAN FRANCISCO

Dated: __7/29_____, 2008

_____
BOARD OF TRUSTEES FOR THE WAR
MEMORIAL AND PERFORMING ARTS
CENTER

Dated: July 24, 2008

_____
SAN FRANCISCO SYMPHONY
Mark Koenig
Chief Financial Officer

APPROVED AS TO FORM:

Dated: July 22, 2008

PAUL L. REIN
PATRICIA BARBOSA
LAW OFFICES OF PAUL L. REIN

_P Barbosa_

Attorneys for Plaintiff
SHARON LETCHER

Dated: _____, 2008

DENNIS J. HERRERA
JOANNE HOEPER
DAVID W. AMMONS
OFFICE OF THE CITY ATTORNEY

_____
Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO &
BOARD OF TRUSTEES FOR THE SAN
FRANCISCO WAR MEMORIAL AND
PERFORMING ARTS CENTER

Dated: July 24, 2008

SAMUEL T. MCADAM
KRISTINA M. LAUNEY
SEYFARTH SHAW LLP

_____
Attorney for Defendant
SAN FRANCISCO SYMPHONY

Settlement Agreement 8 d/davies/settlement/final

Dated: _____, 2008

_____
SAN FRANCISCO SYMPHONY

APPROVED AS TO FORM:

Dated: July 22, 2008

PAUL L. REIN
PATRICIA BARBOSA
LAW OFFICES OF PAUL L. REIN

*P Barbosa*

_____
Attorneys for Plaintiff
SHARON LETCHER

Dated: July 23, 2008

DENNIS J. HERRERA
JOANNE HOEPER
DAVID W. AMMONS
OFFICE OF THE CITY ATTORNEY

_____
Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO &
BOARD OF TRUSTEES FOR THE SAN
FRANCISCO WAR MEMORIAL AND
PERFORMING ARTS CENTER

Dated: _____, 2008

SAMUEL T. MCADAM
KRISTINA M. LAUNEY
SEYFARTH SHAW LLP

_____
Attorney for Defendant
SAN FRANCISCO SYMPHONY

## Attachment A to Settlement Agreement

## Sharon Letcher v. City and County of San Francisco, et al.

In order to provide more access to members of the disabled community, and to satisfy the injunctive relief requested by plaintiff in the above cited matter, the City desires to perform accessibility upgrades to the Louise M. Davies Symphony Hall. The parties agree and stipulate that such work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Settlement Agreement.

For purposes of the following work, Defendant, the City and County of San Francisco will undertake the work agreed to in the Settlement Agreement, and Defendant, the San Francisco Symphony, as a licensee of Davies Hall, will agree to make the premises available to the City and County of San Francisco for the work to meet the deadlines set below.

1. **Seating in the Auditorium**: Defendants will provide a total of twenty three (23) fully accessible wheelchair seating spaces, with adjacent companion seats, with compliant signage. Defendants are presently considering adopting one of two options with the intent of adding additional wheelchair accessible seats.

    a.   Option 1: Defendants will add wheelchair accessible seats to the Terrace Level; and/or,

    b.   Option 2: Defendants will add additional wheelchair accessible seats in the following potential areas:

        i.   Rear Orchestra section known as the Center Box area, L (seats 5-6), M (seats 4-6), Box N (seats 8-12), O (seats 4-6), P (seats 1-2). M, N and O will be served by a wheelchair lift;

        ii.   Additional wheelchair seats added in the second tier, one seat in each of section DD and FF, in row J;

        iii.   one additional seat in each of Loge boxes "C" and "N," in row E.

    c.   In addition, if the Symphony wishes to offer the front row Orchestra seats to disabled patrons wishing to purchase seats in this location, it may do so, but disabled patrons will be notified that the path of travel to these seats has excessive slopes and cross slopes that may be difficult for disabled patrons to traverse. The notice will be provided at the time tickets to the orchestra section are sold to persons identifying themselves as disabled patrons. If patrons wish to purchase these seats, they may do so at their own discretion, but they will not replace the required 23 fully accessible seats as described herein.

    d.   **Time for Completion of Work:** The construction for the additional seats will be completed by no later than

September 2010. As to the Work to provide accessible seating in the Hall, the City shall provide Plaintiff's attorneys with written notice of the status of the Work every six months from the execution of this Agreement until the Work is completed. In the event that unforeseen difficulties prevent defendant from meeting these deadlines or completing any of the agreed upon Work, Defendant or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. The parties will thereafter meet in good faith to resolve any unforeseen delays within 30 days of defendant's written notice to plaintiff's counsel. Plaintiff will conduct said meet and confer with defendants prior to seeking a motion to compel enforcement of this Agreement.

**2.     Ticket Sales Policies**: The sale of and the withholding of tickets for the designated wheelchair accessible seating will comply with the policy statement for the San Francisco Symphony as set forth in Attachment B, herein incorporated by reference as part of this Attachment and the Settlement Agreement between the parties. This policy will be implemented no later than the ticket sales for the Fall (2008) Symphony schedule.

**3.     Primary Entry Doors:** Defendants will install automatic doors on one set of entrance doors on the box office side to the lobby with signage indicating it is the accessible entrance on the entrance. The automatic doors and signage will be installed no later than January 1, 2009.

**4.     Entry Mat**: Defendants will attach or affix the recessed floor mat in front of the entry doors for the accessible entrance so that it will not shift or move. The mat will affixed within 30 days of execution of the Settlement Agreement.

**5.     Ticket Window:** Defendants will install one accessible ticket window in the lobby for use by wheelchair users and other disabled persons who cannot reach the higher ticket window with compliant signage during the next major renovation of the Hall. Until the fully accessible ticket window is installed, the Symphony will accommodate persons with disabilities with the procedure outlined in Attachment B. This policy will be implemented within 30 days of the execution of the Settlement Agreement.

**6.     Service Bars**: Defendants' main level bar does not have a lowered counter for service to persons with disabilities. In lieu of lowering a portion of the existing bar counters, Defendants will install an auxiliary table adjacent to the main bar counter which complies with height, and knee space requirements for wheelchair users, with priority signage indicating its use by persons with disabilities. Bartenders will be trained on the use and placement of the auxiliary table for persons with disabilities, and service procedures. The auxiliary table and the service policy will be implemented within 30 days of the execution of the Settlement Agreement.

**7.     Second Floor Balcony:** The balcony on the second floor is not accessible to persons using wheelchairs. Defendant will not be required to provide access to all portions of the balcony but will make following changes; (1) remove excessive threshold at the balcony entrance to no more than ¼ inch beveled; (2) install color contrast on the stairs leading to the lowered portion of the balcony; and (3) install signage at the balcony entrance directing persons with disabilities to the accessible balcony on the first floor. The changes to the balcony will be installed within 30 days of the execution of the Settlement Agreement.

## ATTACHMENT B

## Relevant Policies and Procedures of the San Francisco Symphony

Summary of the San Francisco Symphony's general procedures regarding ticket sales and seat assignments:

. Plaintiff ordered her tickets through the senior discount package, which is a special opportunity offered to seniors to order tickets for a series comprised of Thursday Matinee, Chamber and Youth Orchestra concerts. These concerts are not attended exclusively by seniors, and are offered for sale to different groups at different times.

First priority for the all of these concerts are given to full price subscribers who have fixed seat packages. These tickets may be ordered via telephone or mail. The Symphony usually fills orders for these tickets by July 4th. These ticket holders may renew their seats every year.

Second priority for the Thursday Matinee series is given to the "bus series – these range from 3-6 concert packages. These patrons pay full price for their tickets and also get a charter bus that transports them to the concerts. These tickets may be ordered by phone or mail, but seats are not assigned until after the deadline for all orders for this type of ticket, which is usually the middle to end of July. These patrons may also renew their seats each year.

Third priority is given to patrons in either of the first two priorities who wish to purchase additional single tickets at full price for any of these concerts. These tickets may also be ordered by phone or mail, but seats are not assigned until after the deadline for all orders for this type of tickets, which is usually the end of July as well.

Fourth priority is given to the senior discount package purchasers. The senior discount package tickets must be ordered by using a specific senior package order form, submitted either by mail or in person by coming into the box office and filling out the order form. The ticketing staff will answer patron questions by telephone, but the Symphony requires a completed order form to fill the senior package orders. Seats are assigned after the deadline designated on the order form. Then, usually at the beginning of August, the ticketing staff takes all of the order forms and assigns seats according to date received, giving the best seats available in the section requested at the time the seats are assigned, and paying careful attention to accommodate any accessible seating needs.

The senior discount package order form asks the patron to indicate if he or she would like to purchase tickets for a series of 8 or 16 concerts and in which of two different price ranges, which correspond to two different general seat locations. The patron must indicate if he or she prefers the lower priced seats located in second tier/center terrace category or the higher priced seats in the orchestra/first tier category. The orchestra/first tier category includes all sections of the Hall other than the center terrace and second tiers, except for the side boxes, for which matinee tickets are very rarely sold. Thus, patrons purchasing senior package tickets may be seated in any section of the Hall, with the exception of the side boxes.[1] Patrons purchasing

---

[1] The senior discount package includes, for the 8-concert package, one ticket to a chamber concert and one ticket to a youth concert, and two of each for the 16-concert package. Seating in

senior discount package tickets who require wheelchair seating may be seated in any section of the Hall that has wheelchair seat locations. The first tier is the only section of the Hall that does not have wheelchair seating locations available.

For patrons requiring wheelchair seating locations, if there are no wheelchair seats remaining available at the time of assignment in the price category designated by the patron on the order form, the Symphony will work with the patron to provide the best available wheelchair seats in another section acceptable to the patron, and sells the tickets for the same price as the original seats the patron requested if the patron originally requested lower-priced tickets than the seats he or she is ultimately assigned.

Finally, after each of these groups has had the opportunity to purchase their tickets, the tickets for all of these concerts are opened up for sale to the general public. This usually occurs on the last Monday in August. Patrons may purchase single tickets for all of these concerts at this time in person at the box office, over the phone, or via the internet.

Senior patrons who do not submit their order forms for the senior discount package tickets by the deadline designated on the order form may still purchase senior discount package tickets, as long as seats are still available in the Hall at the time the request is received.

<u>Wheelchair Holds</u>

Throughout the priority seat assignment process for all SFS concerts, all wheelchair seating locations in every section of the Hall are held and sold only as specifically requested by patrons who require wheelchair seats. Wheelchair seat locations are never released for sale to the general public for the Thursday Matinee concerts because such a great number of patrons who attend those concerts require wheelchair seating. If the situation were to arise in which all wheelchair locations on the seating map sold out for a concert, the Symphony would still find a place to seat a patron requiring wheelchair seating such as in side boxes K and Q, which are designated as emergency wheelchair seating and kept open for such a situation.

All ticket sales personnel are trained and instructed regarding these policies and procedures.

<u>Main Bar Service Wheelchair Patron Table and Service Policies</u>

The City and County of San Francisco and San Francisco Symphony will maintain a table that complies with the height and knee space requirements for wheelchair users placed immediately to the left (when facing the bar) of the main bar on the lobby level of Davies Hall to service patrons in wheelchairs. On the table is a bell wheelchair patrons may ring to get the attention of a bartender if needed for service. All bartenders are trained to watch for wheelchair patrons at the wheelchair patron service table, and there is one bartender assigned at all times to service the portion of the bar that includes the wheelchair service table, paying special attention

---

the first and second tiers is not available for the chamber concert. Similarly, seating in the second tier, side boxes, and loge is usually not available for the youth concerts. On the rare occasions when the youth concert is well-attended, the Symphony will make second tier seats available.

2

to notice wheelchair customers approaching that table. There is also signage on the table indicating that primary use of the table is for wheelchair patrons.

Box Office Lobby Usher Assistance Policy

One hour prior to and until the end of intermission during all performances, an usher will be stationed in the Grove Street Box Office lobby of Davies Hall. That usher will assist wheelchair patrons in purchasing tickets from the box office as well as with any other issues or concerns. If the disabled patron requires assistance inside the Hall with seating or purchasing tickets, the usher will call another usher via radio to escort the patron into the Hall and provide the necessary assistance, so that the lobby usher may stay in the lobby in case other patrons require assistance. A sign in the box office lobby notifies patrons that this usher are available to assist as described in this paragraph.